**GLD-069**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4086
_____

JACOB AMENUVOR,
                                                    Appellant

v.

JOSEPH MAZURKIEWICL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:11-cv-00651)
Magistrate Judge:  Honorable Robert C. Mitchell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2011

Before:  FUENTES, GREENAWAY, JR., and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 11, 2012)
_____

OPINION
_____


PER CURIAM

   Jacob Amenuvor, a Pennsylvania state prisoner subject to a final order of removal

from the United States, appeals from the District Court's dismissal of his habeas corpus

petition and denial of his subsequent motion to alter or amend that judgment.  For the

reasons that follow, we will summarily vacate both orders and remand for further proceedings.

## I.

In January 2001, the Court of Common Pleas of Monroe County, Pennsylvania, sentenced Amenuvor to life imprisonment following his conviction for second degree murder, robbery, and other offenses. His efforts to challenge that judgment on direct appeal, in state court collateral proceedings, and via a federal habeas petition filed pursuant to 28 U.S.C. § 2254 were ultimately unsuccessful.

At some point following his conviction, Amenuvor, who hails from Ghana, was placed in removal proceedings. On November 13, 2003, an Immigration Judge ("IJ") ordered Amenuvor's removal from the United States. Since Amenuvor did not appeal from that order, it became final upon expiration of the thirty-day appeal period. See 8 C.F.R. §§ 1003.38(b) & 1003.39; Popal v. Gonzales, 416 F.3d 249, 252 n.1 (3d Cir. 2005). More than six years later, he moved to reopen his removal proceedings. The IJ denied that motion, and the Board of Immigration Appeals ("BIA") affirmed on appeal. Amenuvor subsequently moved the BIA to reconsider its decision, but the BIA denied that request. It appears that, at some point, U.S. Immigration and Customs Enforcement ("ICE"), a bureau within the Department of Homeland Security ("DHS"), lodged a detainer with Amenuvor's state correctional facility, requesting that it be notified if and when he is released from state custody.

In May 2011, Amenuvor initiated the instant action by filing a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court, challenging his "detention or future

detention" by ICE/DHS.  The parties ultimately consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  On October 6, 2011, the Magistrate Judge dismissed the petition, concluding that Amenuvor could not pursue it because he was not "in custody" for purposes of § 2241.  Amenuvor subsequently moved to alter or amend that decision.  On October 20, 2011, the Magistrate Judge denied that motion.  Amenuvor now appeals from both of the Magistrate Judge's orders.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the Magistrate Judge's dismissal of Amenuvor's petition, reviewing any underlying factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  As for the Magistrate Judge's decision denying Amenuvor's motion to alter or amend, we review that decision for abuse of discretion, examining any matters of law under a plenary standard.  See Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001).  We may take summary action in this appeal "if it clearly appears that no substantial question is presented."  3d Cir. I.O.P. 10.6.

"Under § 2241, an individual is required to be 'in custody under or by authority of the United States' in order to file a habeas petition."  Kolkevich v. Att'y Gen. of the U.S., 501 F.3d 323, 334 n.6 (3d Cir. 2007) (quoting 28 U.S.C. § 2241(c)(1)).  "The term 'custody' extends beyond physical confinement, and encompasses other 'significant restraints on . . . liberty' that are 'not shared by the public generally.'"  Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963)).  Indeed, we have noted that "[a]n individual subject to a final

3

deportation order issued by the INS or its successor agency is in custody for § 2241 purposes," even if his present custody is pursuant to a state sentence. See Kolkevich, 501 F.3d at 334 n.6 (quotation marks and citation omitted).

In this case, the Magistrate Judge concluded that Amenuvor was not "in custody" because "[t]he only connection the United States has with Amenuvor is the detainer which it has lodged at the prison seeking to have the petitioner surrendered to the United States if and when he is released from state custody." (Mem. & Order entered Oct. 6, 2011, at 2-3.) This conclusion overlooks the fact that Amenuvor is subject to a final order of removal. Since that final order of removal satisfies § 2241's "in custody" requirement, both of the Magistrate Judge's orders are in error.

Because this appeal does not present a substantial question, we will summarily vacate both of the orders before us and remand for further proceedings. On remand, the Magistrate Judge should consider the Government's ripeness argument, see Simmonds v. INS, 326 F.3d 351, 356-61 (2d Cir. 2003) (concluding that state prisoner's § 2241 petition challenging his final order of removal was premature because it did not satisfy the doctrine of prudential ripeness), and, if necessary, the merits of Amenuvor's habeas petition. We take no position on either of these issues at the present time.