BLD-252                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1948
_____

JACOB KOJO AMENUVOR,

Appellant,

v.

WARDEN JOSEPH MAZURKIEWICZ
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00651)
Magistrate Judge: Robert C. Mitchell
_____

Submitted for Possible or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: August 23, 2012)

_____

OPINION
_____

PER CURIAM

Appellant Jacob Amenuvor appeals from an order of the Magistrate Judge

dismissing his federal habeas corpus petition for lack of prudential ripeness.  For the

reasons that follow, we will summarily affirm.

Amenuvor, a Pennsylvania state prisoner, is currently serving a term of imprisonment of life plus 13½ to 30 years imposed on January 31, 1991 by the Monroe County Court of Common Pleas. Amenuvor was convicted of felony murder, robbery, a weapons offense, and other offenses. The judgment of sentence was upheld in the state courts, and his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 also was unsuccessful in overturning his conviction and sentence. As a result of this state conviction, Amenuvor, a native and citizen of Ghana, was placed in removal proceedings, and found removable by an Immigration Judge on November 13, 2003 for having been convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), as defined in 8 U.S.C. § 1101(a)(43)(F) (crime of violence). Amenuvor filed an untimely motion to reopen, which was denied, and his appeal to the Board of Immigration Appeals was dismissed on November 17, 2010. The United States Immigration and Customs Enforcement ("ICE") has lodged a detainer at the state facility where Amenuvor is incarcerated, requesting that it (ICE) be notified if and when Amenuvor is released.

On May 18, 2011, Amenuvor filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, in which he challenged his detention or future detention by federal immigration authorities. After the Government submitted a response to the petition on behalf of the warden respondent, the Magistrate Judge dismissed it on the ground that Amenuvor was not "in custody" for purposes of section 2241.[1] Amenuvor appealed, and we vacated this judgment on the ground that an alien subject to a final order of removal is "in custody" under 28 U.S.C. § 2241(c)(1) even if his present custody is pursuant to a state sentence.

_____

[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

2

See Amenuvor v. Mazurkiewicz, 457 Fed. Appx. 92, 93 (3d Cir. 2012) (citing Kolkevich v. Att'y Gen. of the U.S., 501 F.3d 323, 334 n.6 (3d Cir. 2007)). We remanded in order for the Magistrate Judge to consider the Government's prudential ripeness argument under Simmonds v. Immigration & Naturalization Serv., 326 F.3d 351, 356–61 (2d Cir. 2003), and, if necessary, the merits of Amenuvor's petition. Amenuvor, 457 Fed. Appx. at 93-94. On remand, the Magistrate Judge applied Simmonds and dismissed Amenuvor's section 2241 petition as unripe, concluding that it was extremely unlikely that Amenuvor would ever come into federal custody, and thus it might never be necessary to adjudicate his section 2241 claims. The Magistrate Judge also denied a timely filed motion for reconsideration.

Amenuvor timely appeals. We have jurisdiction under 28 U.S.C. § 1291. The Government on behalf of the appellee has filed a motion to summarily affirm, and Amenuvor has submitted a response in opposition to summary affirmance.

We will grant the Government's motion and summarily affirm the order of the Magistrate Judge because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. "The ripeness doctrine, like other justiciability doctrines, derives ultimately from the requirement in Article III of the United States Constitution that federal courts are only empowered to decide cases and controversies." Felmeister v. Office of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1988). "'Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint.'" Id. (quoting Action Alliance of Senior Citizens v. Heckler, 789 F.2d 931, 940 n.12 (D.C. Cir. 1986)). "[R]ipeness implicate[s] two competing concerns: the fitness of issues for judicial review and the hardship to the parties if judicial

3

consideration is withheld." Id. (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)).

In Simmonds, a Jamaican citizen and national was serving a state sentence for a controlled substance violation when he filed a section 2241 habeas corpus petition in federal district court challenging a detainer filed by the former Immigration & Naturalization Service. 326 F.3d at 353-54. The Court of Appeals for the Second Circuit held that the petitioner's claims presented a live case or controversy, and were therefore constitutionally ripe, but they were better resolved at a time closer to his parole, and thus were not prudentially ripe. See id. at 359. With respect to the fitness issue, the court reasoned that it was possible that an adjudication would not be necessary in the future because parole might never be granted or because the law with respect to removal and the execution of removal orders might change such that a district court would be in a better position to evaluate the petitioner's claims closer to the moment when the removal order would actually affect the petitioner. See id. at 360. With respect to the hardship issue, the court reasoned that there would be no direct and immediate harm to the petitioner resulting from withholding judicial consideration of his claims. See id.

We are persuaded by Simmonds that Amenuvor's section 2241 petition is premature. It is not yet fit for adjudication and there would be no direct and immediate harm to him resulting from withholding judicial consideration of his claims. As the Magistrate Judge noted, Amenuvor may never be released from prison, and, even if, as the record indicates, the state Department of Corrections has calculated an "early" release date for him of March 5, 2050, there are likely to be changes in federal immigration law

over the next 37 years that certainly counsel against finally determining any of his claims now.

Last, we note the possibility that Amenuvor may have sought to use 28 U.S.C. § 2241 to challenge his state conviction and sentence, but he must rely on 28 U.S.C. § 2254 to bring claims challenging the validity or the execution of his sentence. See 28 U.S.C. § 2254(a); Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). He may not resort to section 2241 simply because he cannot meet the gatekeeping requirements for second or successive section 2254 petitions, see 28 U.S.C. § 2244(b). In addition, we note that the immigration "jurisdictional framework was radically overhauled on May 11, 2005, with the passage of the REAL ID Act of 2005. . . . Section 106(a) of the Act amend[ed] 8 U.S.C. § 1252(a)(2) to eliminate the district courts' habeas corpus jurisdiction (28 U.S.C. §§ 2241, 1361, and 1651) over final orders of removal in nearly all cases." Kamara v. Att'y Gen, of U.S., 420 F.3d 202, 209 (3d Cir. 2005). Aliens, including criminal aliens like Amenuvor, may now, under 8 U.S.C. § 1252(a)(2)(D), obtain review of their constitutional claims and questions of law upon the filing of a timely petition for review with an appropriate court of appeals. See id.

For the foregoing reasons, we will grant the appellee's motion and summarily affirm the order of the Magistrate Judge dismissing the section 2241 federal habeas corpus petition for lack of prudential ripeness.