J-S06019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNON ANDREWS | : | |
| | : | |
| Appellant | : | No. 1444 EDA 2017 |

Appeal from the PCRA Order April 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013540-2011

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 06, 2018**

Vernon Andrews appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude that Andrews is ineligible for PCRA relief because he is no longer serving a sentence of incarceration, parole, or probation and that application of this eligibility requirement to Andrews did not violate his Fourteenth Amendment right to due process. Therefore, we affirm.

On September 12, 2012, Andrews pled guilty to possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), and criminal conspiracy, 18 Pa.C.S.A. § 903. The trial court sentenced Andrews to 11½ to 23 months' incarceration followed by three years' probation. Andrews did not appeal.

On January 18, 2013, Andrews filed a *pro se* PCRA petition. Counsel filed an amended petition on September 1, 2014. On March 6, 2015, the

PCRA court denied the petition. Andrews appealed and this Court remanded for an evidentiary hearing to clarify Andrews' claim that trial counsel was ineffective for failing to advise him of the immigration consequences of his guilty plea. **Commonwealth v. Andrews**, No. 805 EDA 2015, unpublished memorandum at 1, 14 (Pa.Super. filed June 3, 2016). After remand, the Commonwealth filed a letter brief, arguing the PCRA court should dismiss the petition because Andrews completed serving the probationary period of his sentence on September 27, 2016. Andrews filed a response arguing, among other things, that he had a liberty interest protected under the Due Process Clause because of the collateral consequence of deportation. Letter Br., filed Feb. 5, 2017, at 2.[1] The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and subsequently denied the petition. Andrews filed a timely notice of appeal.

Andrews raises the following issue on appeal:

> Must a petition for post conviction relief be denied because the defendant is no longer subject to imprisonment, probation or parole in Pennsylvania when the defendant is subject to deportation from the United States?

Andrews' Br. at 4.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the

---

[1] On February 10, 2017, the Commonwealth filed a reply.

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he or she has been convicted of a crime and that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i); ***see also Commonwealth v. Plunkett***, 151 A.3d 1108, 1113 (Pa.Super. 2016) (appellant no longer eligible for collateral review when sentence expired during pendency of appeal from denial of PCRA relief).

Andrews argues that the PCRA's requirement that a petitioner be currently serving a sentence is unconstitutional when applied to petitioners subject to deportation because it does not comport with the Fourteenth Amendment's "substantive due process requirement of fundamental fairness." Andrews' Br. at 10-11. He notes that the United States Supreme Court has stated that it is "'most difficult' to divorce" the penalty of deportation from a conviction. ***Id.*** at 12 (quoting ***Padilla v. Kentucky***, 559 U.S. 356, 365 (2010)).[2]

_____

[2] Andrews has arguably waived his due process claim by failing to raise it with specificity in his Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); ***Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) (appellant waives any issues not raised in 1925(b) statement). Andrews' Rule 1925(b) statement argues he was "denied due process of law and equal protection of the laws" because section 9543(a)(1)(i) discriminates between
*(Footnote Continued Next Page)*

The PCRA court concluded that Andrews was ineligible for relief because he was not currently serving a sentence for the crime and that his due process rights were not violated because, after completion of his sentence, his sentence no longer burdened his liberty. Trial Court Opinion, filed June 26, 2017, at 5.

In **Commonwealth v. Turner**, the Pennsylvania Supreme Court addressed a petitioner's claim that application of the PCRA's requirement of current incarceration, probation or parole to her violated her due process rights because she received a short sentence. 80 A.3d 754 (Pa. 2013). The Supreme Court concluded that "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." **Id.** at 765. The Court stated:

> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a

_(Footnote Continued)_ ————————————

petitioners serving a sentence and those subjected to collateral consequences, such as deportation; section 9542 abolished the writ of _coram nobis_; and judicial and prosecutorial delay caused him to be denied PCRA relief. Concise Statement of Errors Complained of on Appeal, filed Aug. 11, 2017, at ¶ 2. We, however, decline to find waiver because the statement mentions due process and section 9642(a)(1)'s impact on those facing deportation; in his letter brief filed with the trial court prior to dismissal Andrews argued he had a liberty interested protected by due process because he faced deportation; and the trial court addressed the claim in its Rule 1925(a) opinion. **See Commonwealth v. Laboy**, 936 A.2d 1058, 1059 (Pa.2007) (declining to find waiver where appellant did not specify element Commonwealth allegedly failed to prove, but the trial court addressed the issue and case was straight forward).

- 4 -

sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S. § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like Petitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. ***See Evitts v. Lucey***, 469 U.S. 387, 401, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause"); ***Haag***, 809 A.2d at 282–83 (providing that although a PCRA petitioner does not have a Sixth Amendment constitutional right to counsel during collateral review, the Commonwealth, by way of procedural rule, provided for the appointment of counsel during a first petition for post-conviction relief, thereby creating a rule-based right to the effective assistance of counsel). However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.

***Id.*** at 766.

Further, in ***Commonwealth v. Descardes***, the petitioner, a Haitian national who had resident alien status in the United States, pled guilty to insurance fraud and conspiracy to commit insurance fraud without being informed that deportation was a collateral consequence of his plea. 136 A.3d 493, 494 (Pa. 2016). After he completed serving his probationary sentence, he went on a business trip. ***Id.*** at 494. Immigration officials denied him re-entry due to the conviction. ***Id.*** The Pennsylvania Supreme Court concluded

the petitioner was ineligible for PCRA relief because he was no longer serving a sentence of imprisonment, probation, or parole for the crime. *Id.* at 503.[3]

Applying *Descardes* and *Turner*, we are constrained to conclude that application of the PCRA's requirement that a petitioner be currently serving a sentence of incarceration, probation, or parole for the crime to be eligible for relief does not violate the due process rights of those facing deportation because of the convictions. As with protections for those who receive a short sentence, the legislature did not create a statutory entitlement to collateral review for defendants who face deportation as a result of their convictions. *See Turner*, 80 A.3d at 767 (noting that the legislature "chose not to create

_____

[3] Andrews cites federal cases to support his due process claim. The federal cases, however, are not binding on this court and are inapplicable because the cases are at a different procedural posture and/or interpret and apply federal statutes. *Lee v. United States*, 137 S.Ct. 1958 (2017) (addressing motion to vacate conviction and noting issue was whether defendant could establish he was prejudiced by counsel's unreasonable representation in which he assured defendant that he would not face deportation); *Padilla*, 559 U.S. at 359 (concluding, in timely post-conviction proceeding, that "constitutionally competent counsel would have advised [defendant] that his conviction . . . made him subject to deportation"); *Amenuvor v. Mazurkiewicl*, 457 Fed.Appx. 92, 93 (3d Cir. Jan. 11, 2012) (finding defendant "in custody" for purposes of 28 U.S.C. § 2241(c)(1) where he was subject to a detainer from the Unites States Immigration and Customs Enforcement ("ICE") after release from state custody); *Gutierrez v. Gonzales*, 125 Fed.Appx. 406, 409, 416 (3d Cir. Mar. 16, 2005) (finding petitioner who filed petition for writ of *habeas corpus* after he was removed met section 2241(c)'s custody requirement in the "unique" circumstances of the case where he was in ICE custody when he requested relief but was "effectively prevented from doing so by his counsel's affirmative misrepresentations," the language of 2241(c) did not preclude an interpretation that would provide jurisdiction, and "multiple strong policy concerns weigh in favor of finding custody") .

any statutory entitlement to collateral review for defendants who have completed their sentences"). The PCRA court did not err in denying the petition.[4]

Order affirmed.
Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/6/18

_____

[4] To the extent Andrews argues that his case is not moot because the case was capable of repetition yet evading review, Andrews' Br. at 13-14, we find the issue waived and inapplicable. First, Andrews failed to raise this issue before the trial court and, therefore, any claim that the trial court erred in not reviewing his claim because it was capable of repetition yet evading review is waived. Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Further, the doctrine is inapplicable here, where Andrews's claim is not moot. Rather, the PCRA court found, and we affirmed, that Andrews is ineligible for PCRA relief. *See Turner*, 80 A.3d 765-68 (PCRA petitioner not entitled to PCRA hearing after completed serving sentence); *Plunkett*, 151 A.3d at 1113 (Pa.Super. 2016) (appellant no longer eligible for collateral review when sentence expired during pendency of appeal from denial of PCRA relief).